HAWAIIAN GOVERNMENT *vs.* BISHOP & CO.

Appeal from Dole, J.

Hearing, June 18, 1890.　Decision, June 23, 1890.

Judd, C.J., McCully. Bickerton, Dole, JJ.

A bill by a Tax Assessor for discovery upon a Bank to disclose the names and amounts of its depositors, held demurrable.

The ordinary deposits in a bank become the property of the bank, and the bank becomes the debtor of the depositor therefor. The bank, therefore, and not the depositor, is liable for taxes on the deposits that were in the bank on the 1st July.

Decision of Dole, J., Appealed From.

The bill recites substantially that C. A. Brown is the assessor for the first taxation division, which corresponds with the Isl-

aƒid of Oahu, and that the defendants, as bankers, made in July last an incomplete, defective and insufficient return of property held in custody by them in the said taxation division.

The bill further recites that it is necessary for the proper performance of the duties of the said assessor and the due and proper assessment of property for taxation in said taxation divison, and more especially the property of defendants within the same, that the defendants shall furnish and disclose to the plaintiff a full, true and particular statement of the deposits in their bank, and the names of the depositors and the amounts of the several deposits standing to the credit of the depositors respectively on the first day of July last ; and that such information was requested of the defendants and refused by them, and can be obtained by the plaintiff only through relief and discovery in a court of equity.

The bill prays that defendants may answer the interrogatories attached, which correspond with the recitals of the bill.

The defendants demurred to the bill.

The plaintiff claims to be entitled to the discovery prayed for, for the sake of enabling the assessor to properly perform his general duties, to wit, the assessment of property on the Island of Oahu, and especially to properly assess the property of defendant. The defendants contend that the statute gives the plaintiff no right to a discovery, and that the allegations of the bill do not show any equitable right.

The statute calls upon every person to state in his return moneys belonging to him deposited with a bank. If on an appeal from an assessment, the question should arise as to the taxpayer's existing deposit in a bank, on the first day of July, the Government, if entitled to know, which is doubtful, would undoubtedly have the right to subpœna the banker to testify in this point. But to say that on general grounds, and to facilitate the work of an assessor, the Government is entitled to the private information of a banker in regard to the confidential relations between him and his clients, or customers, and this when there are no pending proceedings requiring such information, is probably going too far.

As to the right of the plaintiff to have the discovery prayed for, for the proper assessment of the defendants' property, I doubt whether any such right exists, certainly it is not conferred by the statute; but I feel that I need not go exhaustively into this question, because I am satisfied that if the information desired was obtained by the plaintiff, it could not facilitate the assessment of the defendants' property, for these reasons : When ordinary deposits are made in a bank of deposit, the property in the money passes to the bank, which becomes the debtor of the depositor. *Downes vs. Phœnix Bank*, 6 Hill, 297, and *Commercial Bank vs. Hughes*, 17 Wend., 94. Newmark's Bank Deposits, § 10. The banker is therefore liable for the taxes upon all that part of such deposits which is in his possession or control on the first day of July, but as he may have loaned or otherwise invested a portion of such deposits before the first day of July, any statement of his account with his depositors as of the first day of July would be without significance as to the extent of his personal property upon that day liable to a property tax, and could not facilitate the assessment of the defendants' property ; neither could such statement, upon the same principle of law, aid in the general assessment of property in the taxation division mentioned.

The demurrer will therefore be allowed and an order signed to that effect.

### DECISION OF THE FULL COURT, BY JUDD, C.J.

We have carefully considered the arguments presented in this case, and are of opinion that the decision of Mr. Justice Dole, appealed from, rendered on the 9th October, 1889, should be sustained ; and we hereby adopt the same and affirm the decree therein made.